DAVID K. McCARTHY, Respondent, v. PATER McCAR-THY, otherwise called, etc., Appellant.

*Substituted service — when ordered — Code of Civil Procedure,* § 435.

What facts are sufficient to authorize an order directing a substituted service of the summons and complaint under section 435 of the Code of Civil Procedure, considered.

Appeal from an order denying a motion to set aside an order directing substituted service.

A motion to vacate the order has already been before the court, and is reported in 54 Howard, 97, and in 20 New York Supreme Court Reports (13 Hun), 579.

September 4, 1877, a chamber order was granted directing substituted service of the summons in this action.

The summons was originally delivered to one Redfield for service, August 22, 1877, and he went to the house of defendant's father in New York, where she was supposed to be, on the twenty-third of August, and was informed "she was out shopping." At a later hour of the same day Hallock went to the same house and was informed by her father he could not see her. August twenty-five Hallock again called and was informed he could not see her. August twenty-seventh one Church called at the house to make service, and was informed she was not in. August twenty-eighth and thirtieth, and September first and

third, Redfield called on Mr. Davis, her attorney, with reference to an appearance in the action, and he finally refused to appear. September 4, 1877, Mr. Redfield, on an affidavit of the facts by Hallock, obtained an order for substituted service. Hallock states in the affidavit that he called at the house of Albert Gilbert, her father, on the twenty-third August and requested to see her, and "was informed by the *servant* that the said defendant was in the house, and deponent then stated to said servant that he had a paper for her.", The servant thereupon went up stairs and returned with said Gilbert and the mother of defendant. Hallock then asked to see defendant, as he had a paper for her, and Gilbert then said he was the father of defendant "and that she could not be seen, and that all communications must be through him." Hallock called twenty-fifth August and was told she was in, and sick, and her mother said she could not be seen. Hallock also states that "he has made diligent effort to serve said summons and has watched said house and for said defendant and has been unable to serve her," and that "he believes she is keeping herself concealed so that personal service cannot be made." Upon such proofs the justice determined that it appeared to his satisfaction that proper and diligent effort had been made to serve the summons, and that she is within the State and avoids service so that personal service cannot be made, and thereupon made the proper order. Upon the hearing of the motion, affidavits of explanation and contradiction were submitted to overturn the affidavits used to obtain the order.

*A. C. Davis* and *J. K. Porter*, for the appellant.

*Hiscock, Gifford* and *Doheny*, for the respondent.

HARDIN, J. :

By section 435 of the Code of Civil Procedure power is given to a justice of this court to order a substituted service upon a defendant residing within this State, "upon satisfactory proof by the affidavit" of a person not a party to the action * * * *that proper* and diligent effort has been made to serve the summons upon the defendant," and that he *avoids service* so that

personal service cannot be made." First. The affidavit presented called upon the justice to determine whether diligence had been used to serve the summons. Second. The efforts were stated and the justice properly determined that they indicated "that proper and diligent effort had been made" to serve the summons. Third. That she was within the State. Fourth. And that she avoided service, *so that personal service could not be made.* The justice was called upon judicially to determine upon "*satisfactory proof,*" and he found all the facts required by the statute to be stated, and upon them concluded that a proper case had been made out for substituted service.

He, therefore, properly exercised the power confered by the 435th section of the Code. In *Simpson* v. *Burch* (4 Hun, 316), GILBERT, J., said : "The evidence presented to him was competent, and tended to prove the *facts* on which his authority to issue the order depended ; nothing more is required." (4 Dept.)

The proofs submitted by the defendant upon this motion, and her subsequent efforts to get rid of the order for substituted service, and the affidavits used by the plaintiff, if examined *de novo*, indicate an effort on the part of the defendant to " avoid service," and such conclusion is in harmony with the one reached when the order was granted September 4, 1877, for substituted service. We think the learned justice properly refused to set aside the order for substituted service, and that his order should be affirmed with ten dollars costs and disbursements.

TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed, with ten dollars costs and disbursements.